**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Alaisha S Edwards<br>Debtor<br><br>Alaisha S Edwards<br>Plaintiff<br>v.<br>Navient<br>Defendant | Case No.: 2:16-bk-26158-DS<br><br>Chapter 7<br><br>Adv. No.:<br><br>COMPLAINT |

FILED
MAR 10 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## SUMMARY

I was a single mother of two at the time of borrowing the student loans, I borrowed over $90,450.00 in student loans pursuing a degree I never earned. Try as I might — on several occasions to return to school so that I could get my degree. Providing for my two daughters was always top priority and a hardship. My daughters are now adults but I am still responsible for one that is attending school in GA. In the next few years I will be the sole care taker of my ailing senior mother. I will go from being a single mother to being my mother's caretaker. For the last eight years I've worked temp. I am finally in permanent a position. I am quickly approaching the retiring age and have nothing saved towards retirement. So that I am not a burden to my daughters, I must aggressively begin to save for my retirement and for when I would have to take care of my mother. I am asking to be forgiven of my student loans because of consistent undue hardship in my life.

**JURISDICTION**

1. This Court has jurisdiction under 28 U.S.C. § 157 to hear the adversary proceeding. Alaisha S. Edwards initiates this proceeding under § 157(b)(2)(I) to determine if my student loans are dischargeable because they cause either her or her dependents to suffer an undue hardship.

**BACKGROUND**

2. In the early 90's, I — a 25-year old single mother of two minor children — borrowed about $90 thousand in federal student loans pursuing a degree I never earned.

3. The last 8 years of working temp really set me back. I am currently on a job where because of the lack of education my salary will not grow as much as I would like but it's a steady job.

4. A year after being on my job, I filed for chapter 7 bankruptcy relief. On Schedule F of my petition, I listed my student loan debt and named Navient as the creditor.

5. Before filing for bankruptcy, I got my loans deferred and placed into forbearance, and even consolidated my loans to get a lower interest rate. Despite my efforts, my student loan debt continues to swell.

**CAUSE OF ACTION**

6. Because of my lack of education I can't afford to pay my student loan debt now, next month, or in the reasonably foreseeable future. My student loans pose an undue hard-

ship on her and family.

**PRAYER**

I ask that this Court determine my student loan debt owed to Navient is dischargeable as an un-due hardship.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Alaisha S. Edwards | **DEFENDANTS**<br>Navient |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

RECEIVED
MAR 10 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ Deputy Clerk

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Discharge student loans because of undue hardship under under § 157(b)(2)(I)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Alaisha S. Edwards ||| BANKRUPTCY CASE NO. 2:16-bk-26158-DS |
| DISTRICT IN WHICH CASE IS PENDING Central District of California || DIVISION OFFICE Los Angeles | NAME OF JUDGE Deborah J. Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF N/A | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE 3/10/17 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) Alaisha S. Edwards |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.